**AMERICAN SAMOA GOVERNMENT, Plaintiff**

**v.**

**ROY MOE, Defendant**

High Court of American Samoa
Trial Division

CR No. 53-99

October 28, 1999

Before RICHMOND, Associate Justice, LOGOAI, Associate Judge, and SAGAPOLUTELE, Associate Judge.

Counsel: For Plaintiff, Suzanna Tiapula, Assistant Attorney General
For Defendant, Tautai A.F. Faalevao, Public Defender

## ORDER DENYING MOTION TO DISMISS

On September 8, 1999, defendant Roy Moe ("Moe") moved to dismiss the statutory rape charge against him. Plaintiff American Samoa Government ("ASG") contested the motion at a hearing held on October 28, 1999, with Moe and both counsel present.

### Facts

Pursuant to A.S.C.A. § 42.0105, two couples, one involving Moe, applied to this court for waivers to permit their respective marriages to take place before the end of the 30-day waiting period usually required after issuance of a marriage license. Both applications revealed that the female applicants were under the age of 16 when they had sexual intercourse with the male applicants, resulting in the pregnancies incident to the waiver applications. The Chief Justice rejected both applications and returned them to the Registrar of Vital Statistics with a memorandum expressing concern over instances of statutory rape. The Chief Justice also sent copies of the applications and memorandum to the Attorney General's office for such action as the Attorney General "may deem appropriate."

The Attorney General charged Moe with rape, in violation of A.S.C.A. § 46.3604(a)(1), by lodging a complaint in the District Court on August

10, 1999. On that day, a Tuesday, the District Court Judge was outside American Samoa on official business, and the Associate Justice was presiding at a jury trial in the High Court. The Chief Justice was handling matters before the District Court, which included the usual heavy traffic calendar. Thus, this prosecution was initially presented to the Chief Justice, and after reviewing the police officer's supporting affidavit, he signed the warrant for Moe's arrest.

## Discussion

Moe seeks to dismiss the charges against him on the grounds that the arrest warrant was not signed by a "neutral and detached judicial officer" and was therefore invalid. Moe alleges that the Chief Justice's role in calling attention to the possible statutory rape violation rendered him unable to be neutral and detached when approving and signing the arrest warrant.

■ Moe states a correct principle of law. An arrest warrant must be issued by a "neutral and detached magistrate." See Sheldon R. Shapiro, Annotation, *Requirement, Under Federal Constitution, that Person Issuing Warrant for Arrest or Search be Neutral and Detached Magistrate--Supreme Court Cases,* 32 L. Ed. 2d 970, 972. Judges generally qualify as neutral and detached magistrates.

Moe, however, attacks the Chief Justice's neutrality and detachment in this case because he denied Moe's application for a waiver of the marriage waiting period and sent a memorandum to the Attorney General alerting him to Moe's possible statutory rape violation. Moe argues that the Chief Justice was thus inextricably linked to the actions of the Attorney General's office and police in prosecuting and arresting Moe for statutory rape.

■ The facts in the present situation and legal authority indicate otherwise. "The Supreme Court has found an impermissible lack of neutrality in cases where the particular magistrate was also involved in law enforcement activities, had a pecuniary interest in the outcome of his decision, or had 'wholly abandoned' his judicial role." *United States v. Heffington,* 952 F.2d 275, 278 (9th Cir. 1991). None of these situations applies to the present case.

Clearly, the Chief Justice has no pecuniary interest in the outcome of this case, and Moe does not suggest otherwise. *See Connally v. Georgia,* 429 U.S. 245, 250 (1977).

It also cannot be reasonably said that the Chief Justice was involved in law enforcement activities. Examples of impropriety are found in *Lo-Ji Sales, Inc. v. New York,* 442 U.S. 319 (1979) and *Coolidge v. New*

*Hampshire,* 403 U.S. 443 (1971). In *Lo-Ji,* the magistrate issuing a search warrant became a member of the search party. In *Coolidge,* the court held that a state attorney general, having the responsibility to investigate criminal activity, could not issue a valid search warrant.

■ In this case, the Chief Justice was not participating as a prosecutor, investigator, or in another law enforcement capacity when he brought the marriage waiver application to the Attorney General's attention. Nor was he advocating prosecution. Rather, he merely alerted the Attorney General to a possible violation of criminal laws and left the prosecutorial decision to the Attorney General's discretion.

Moreover, the Chief Justice did not abandon his judicial role in any sense. On the contrary, as required of a judicial officer, the Chief Justice considered the police officer's affidavit setting forth facts constituting the offense and, on that basis, found probable cause that Moe committed the offense of statutory rape before he issued the arrest warrant.

■ There is also an element of practical necessity in this case. Judges are the only officials authorized to issue arrest warrants in American Samoa. A.S.C.A. §§ 46.0801-.0803; *see also* T.C.R.Cr.P. 4. The Chief Justice presided at the District Court on August 10, 1999, in the District Court Judge's absence and the Associate Justice's preoccupation. Under these circumstances, the Chief Justice routinely handled the application for the arrest warrant. He might have delayed action on the application until the Associate Justice was available. However, there is no indication that the Chief Justice even had in mind, let alone was improperly influenced by, his earlier referral of the matter to the Attorney General when he issued the arrest warrant.

Moe's contrary assertions notwithstanding, there is nothing of record that reasonably supports any finding that as a matter of fact or appearances, the Chief Justice's referral to the Attorney General and later issuance of the arrest warrant were anything but independent acts. We conclude, therefore, that the Chief Justice performed his obligations as a neutral and detached magistrate and properly issued the warrant for Moe's arrest.

### Order

Moe's motion to dismiss is denied.

It is so ordered.